IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0083-05






WILLIAM MATTHEW SCHIFFERT 


A/K/A JERRY SCHIFFERT, Appellant


v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE SECOND COURT OF APPEALS


TARRANT COUNTY





 Per curiam.


O P I N I O N 



 William Matthew Schiffert was convicted of murder and sentenced to seventy-five
years' confinement. Schiffert appealed, claiming, among other things, that the evidence was
factually insufficient to support his conviction. (1) Relying on the factual-sufficiency standard
set forth in our decision in Zuniga v. State, (2) the Second Court of Appeals reversed the
judgment of the trial court, holding that the evidence is factually insufficient to support
Shiffert's conviction. (3) The State's motion for rehearing was denied. We granted the State's
petition for discretionary review, which includes the following grounds for review: 

 1. The court of appeals erred by misapplying the standard of review for
factual sufficiency.

 2. The court of appeals erred by employing, as an analytical construct for
factual sufficiency, an alternative reasonable hypothesis to render the
evidence per se factually insufficient.

 3. The court of appeals erred in its factual sufficiency analysis by
implicitly rejecting the doctrine of 'fair equipoise.'

 4. The standard of review for factual sufficiency articulated in Zuniga v.
State, . . . and applied by the Second Court of Appeals, has merged into
a legal sufficiency review, potentially barring a second trial under the
double jeopardy clauses of the Fifth Amendment to the United States
Constitution and Art. I, § 14 of the Texas Constitution.


 After granting review in this case, this Court overruled the reformulated factual-sufficiency standard of review introduced in Zuniga in Watson v. State. (4) Because the Second
Court of Appeals did not have the benefit of this Court's opinion in Watson when it decided
this case, we vacate the judgment of the Court of Appeals and remand to that court for 
reconsideration in light of our opinion in Watson. 
DATE DELIVERED: November 22, 2006

PUBLISH
1. Schiffert v. State, 157 S.W.3d 491, 492 (Tex. App.--Fort Worth 2004) (op. on
reh'g).
2. 144 S.W.3d 477 (Tex. Crim. App. 2004). 
3. Schiffert, 157 S.W.3d at 496-99. 
4. Watson v. State, No. PD-469-05 (Tex. Crim. App. Oct. 18, 2006), 2006 Tex.
Crim. App. LEXIS 2040, *33-40.